UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————X

SERGEY MENEJYAN and IOURI PAKHOMTCHIK

                    Plaintiffs,                  **AMENDED COMPLAINT**

    -against-

THE CITY OF NEW YORK, DETECTIVE JAMES         13-CV-3821 (RJD) (VMS)
RIORDAN, shield #1020, POLICE OFFICER
VIKTORIYA SADOVSKAYA, shield #2621, POLICE    PLAINTIFFS DEMAND
OFFICER MATTHEW BRENNAN, Tax ID 929773,    TRIAL BY JURY
SERGEANT JOHN ESPEY, Tax ID 915674, POLICE
OFFICERS JOHN/JANE DOE(S) #s 1-10,

                    Defendants.

——————————————————————X

       SERGEY MENEJYAN and IOURI PAKHOMTCHIK, by their attorney DAVID A.

ZELMAN, ESQ., for their AMENDED COMPLAINT, allege upon information and belief, as

follows:

## I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which SERGEY MENEJYAN and IOURI

       PAKHOMTCHIK, (hereinafter "Plaintiffs") seek damages to redress the deprivation,

       under color of state law, of rights secured to them under the Fourth, Fifth, and Fourteenth

       Amendments of the United States Constitution. On or about March 20, 2012, at

       approximately 8:49 P.M., in front of 3029 Brighton 12th Street, Brooklyn, NY, Plaintiffs

       were falsely arrested by Defendants, including, but not limited to, DETECTIVE JAMES

       RIORDAN, shield #1020, POLICE OFFICER VIKTORIYA SADOVSKAYA, shield

       #2621, POLICE OFFICER MATTHEW BRENNAN, Tax ID 929773, SERGEANT

       JOHN ESPEY, Tax ID 915674, and POLICE OFFICERS JANE/JOHN DOE(S)

       (hereinafter "Defendants"). It is alleged that Defendants falsely arrested Plaintiffs and

maliciously and without probable cause charged them with, *inter alia*, Burglary in the Second Degree. As a result of the violation of their constitutional rights, Plaintiffs suffered mental and emotional injuries.

## II. JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

## III. PARTIES

3.    SERGEY MENEJYAN (hereinafter "MENEJYAN") at all times relevant hereto resided in Kings County, New York.

4.    IOURI PAKHOMTCHIK (hereinafter "PAKHOMTCHIK") at all times relevant hereto resided in Kings County, New York.

5.    Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

6.    Defendant DETECTIVE JAMES RIORDAN, shield #1020 (hereinafter "RIORDAN") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. RIORDAN is sued in his official and individual capacity.

7.    Defendant POLICE OFFICER VIKTORIY SADOVSKAYA, shield #2621 (hereinafter "SADOVSKAYA") was an NYPD police officer, and at all times relevant hereto, acted

in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment. SADOVSKAYA is sued in her official and individual capacity.

8.    Defendant POLICE OFFICER MATTHEW BRENNAN, Tax ID 929773 (hereinafter "BRENNAN") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. BRENNAN is sued in his official and individual capacity.

9.    Defendant SERGEANT JOHN ESPEY, Tax ID 915674 (hereinafter "ESPEY") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. ESPEY is sued in his official and individual capacity.

10.   Defendants POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

11.   At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

3

## IV. FACTS

12.   On or about March 20, 2012, PAKHOMTCHIK was working as a mover and moving an
individual's possessions into an apartment located inside of 3029 Brighton 12th Street in
Brooklyn, NY.

13.   On or about March 20, 2012, MENEJYAN went to meet a friend who was working with
PAKHOMTCHIK at 3029 Brighton 12th Street in Brooklyn, NY.

14.   At approximately 8:49 P.M., MENEJYAN and PAKHOMTCHIK were arrested in front
of 3029 Brighton 12th Street. Plaintiffs were then transported to the 60th precinct.

15.   Plaintiffs were detained at the 60th precinct for approximately 8 hours before being
transported to Central Booking, where they were held for approximately 12 hours before
arraignment.

16.   MENEJYAN and PAKHOMTCHIK were charged with Burglary in the Second Degree
(PL 140.25(2)), Burglary in the Third Degree (PL 140.20), Criminal Trespass in the
Second Degree (PL 140.15), Petit Larceny (PL 155.25), Criminal Possession of Stolen
Property in the Fifth Degree (PL 165.40), Criminal Trespass in the Third Degree (PL
140.10(A)), and Trespass (PL 140.05).

17.   After arraignment, PAKHOMTCHIK was released on his own recognizance from Central
Booking.

18.   After arraignment, MENEJYAN's bail was set at $2,000 and he was transported to
Rikers Island. MENEJYAN was detained at Rikers Island for approximately 10 hours
before he made bail.

19.   Upon information and belief, PAKHOMTCHIK was required to appear in court
approximately 2 times before the charges against him were dismissed in July of 2012.

4

20.     Upon information and belief, MENEJYAN was required to appear in court approximately
        10 times before all charges against him were dismissed on or about April 18, 2013.

21.     At the time of his arrest, MENEJYAN had approximately $590 in cash on his person.
        This cash was confiscated by police and, upon information and belief, was never returned
        to MENEJYAN.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

22.     Paragraphs 1 through 21 of this complaint are hereby realleged and incorporated by
        reference herein.

23.     That Defendants had neither valid evidence for Plaintiffs' arrest nor legal cause or excuse
        to seize and detain them.

24.     That in detaining Plaintiffs without a fair and reliable determination of probable cause,
        Defendant CITY abused its power and authority as a policymaker of the New York City
        Police Department under the color of State and/or local law. It is alleged that CITY, via
        their agents, servants and employees routinely charged persons with crimes they did not
        commit.  Plaintiffs were but three of those persons.

25.     Upon information and belief, it was the policy and/or custom of Defendant CITY to
        inadequately supervise and train its officers, staff, agents and employees, thereby failing
        to adequately discourage further constitutional violations on the part of their officers,
        staff, agents and employees.

26.     As a result of the above described  policies and customs, the officers, staff, agents and
        employees of Defendant CITY believed that their actions would not be properly
        monitored by supervisory officers and that misconduct would not be investigated or
        sanctioned, but would be tolerated.  In addition, the City of New York had and has a

5

policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

27. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

28. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

29. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

30. Paragraphs 1 through 29 are hereby realleged and incorporated by reference herein.

31. That Defendants had no legal cause nor excuse to detain Plaintiffs for a prolonged period prior to arraignment.

32. That Defendants detained Plaintiffs excessively prior to arraignment in violation of Plaintiffs' civil rights.

33. That Defendants detained Plaintiffs with ill will and/or negligently.

34. That Defendants should have expeditiously investigated this matter and released Plaintiffs.

6

35.    By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when it subjected them to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

36.    That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

37.    That upon information and belief, in 2012, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

38.    That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

39.    That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

40.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

41.    That Defendant, through its officers, agents and employees, unlawfully incarcerated Plaintiffs for an excessive period of time prior to arraignment.

42.    By reason of the foregoing, Plaintiffs suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

43.    Paragraphs 1 through 42 are hereby realleged and incorporated by reference herein.

44.    That Defendants acting with malicious intent, arrested Plaintiffs and initiated a criminal proceeding despite the knowledge that they had committed no crime.

45.    That the criminal charges against Plaintiffs were terminated in their favor.

46.    That there was no probable cause for the arrests and criminal proceedings.

47.    That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they maliciously prosecuted them and subjected them to an unlawful, illegal and excessive detention, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

48.    That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause.  Thus, as a result of the above described policies and customs, Plaintiffs were maliciously prosecuted despite the fact that they had committed no violation of the law.

49.    That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents

8

and employees, thereby failing to adequately discourage further constitutional violations
on the part of their officers, staff, agents, and employees.

50.     That as a result of the above described policies and customs, defendant CITY, its staff,
        agents and employees of defendant CITY believed that their actions would not be
        properly monitored by supervisory officers and that misconduct would not be
        investigated or sanctioned, but would be tolerated.

51.     That the above described policies and customs demonstrate a deliberate indifference on
        the part of the policymakers of defendant CITY to the constitutional rights of arrestees
        and were the cause of the violations of Plaintiffs' rights alleged herein.

52.     That in so acting, defendant CITY abused its power and authority as policymaker of the
        NYPD under the color of State and/or local law.

53.     That upon information and belief, in 2012, defendant CITY had a policy or routine
        practice of alleging facts against persons for the purpose of charging crimes they did not
        commit.

54.     That by reason of the foregoing, Plaintiffs suffered psychological injuries, traumatic
        stress, post-traumatic stress disorder, mental anguish, economic damages including
        attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said
        injuries may be permanent.

                        VIII. FOURTH CAUSE OF ACTION
                Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

55.     Paragraphs 1 through 54 are hereby realleged and incorporated by reference herein.

56.     By fabricating evidence, defendants violated Plaintiffs' constitutional right to a fair trial.

57.     Defendants were aware or should have been aware of the falsity of the information used
        to prosecute Plaintiffs.

9

56.    As a result of the above constitutionally impermissible conduct, Plaintiffs were caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to their reputations and standing within their community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1.    Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2.    Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3.    Awarding Plaintiffs interest from March 20, 2012;

4.    Awarding Plaintiffs reasonable attorneys' fees pursuant to 42 USC §1988; and

5.    Granting such other and further relief as to this Court deems proper.

DATED:    Brooklyn, New York
          January 9, 2014

                                        DAVID A. ZELMAN, ESQ.
                                        (DZ 8578)
                                        612 Eastern Parkway
                                        Brooklyn, New York 11225
                                        (718) 604-3072